UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

**RICHARD WELLS,**

    Plaintiff,

v.

**DiNICOLA & DiNICOLA, LLC, et al.,**

    Defendants.

No. 1:24-cv-11143

**ORDER
TO SHOW CAUSE**

---

**THIS MATTER** comes before the Court by way of a complaint filed by Plaintiff Richard Wells, ("Plaintiff"), against DiNicola & DiNicola, LLC, Joseph M. DiNicola, Jr., Esq., and Joseph M. DiNicola, Esq., ("Defendants"), (ECF No. 1); and

**WHEREAS,** in the Complaint, Plaintiff avers that this Court has subject matter jurisdiction over this matter based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332(a), (*id.*); and

**WHEREAS,** federal courts have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation, *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) ("The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000.") (citations omitted); and

**WHEREAS,** 28 U.S.C. § 1332 requires "complete diversity between all plaintiffs and all defendants," meaning "no plaintiff [may] be a citizen of the same state as any defendant." *Lincoln*

*Benefit Life Co.*, 800 F.3d at 104 (citations omitted) (alteration in original); and

**WHEREAS,** for a limited liability company, such as Defendant DiNicola & DiNicola, LLC, ("DiNicola & DiNicola"), "the citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co., Inc.*, 592 F.3d at 420; but

**WHEREAS,** Plaintiff has not provided information as to the members of DiNicola & DiNicola, or their respective states of citizenship, upon which the Court may evaluate whether there is complete diversity; and

**WHEREAS,** these jurisdictional requirements are absolute and non-waivable, *see, e.g.*, *Allbritton Comms. Co. v. NLRB*, 766 F.2d 812, 820 (3d Cir. 1985); therefore

**IT IS HEREBY** on this 30th day of December, 2024,

**ORDERED** that Plaintiff shall show cause as to why this matter should not be dismissed for lack of jurisdiction within fourteen (14) days of this Order or, if appropriate, file an Amended Complaint to comply with 28 U.S.C. § 1332. Failure to do so will result in this matter being dismissed.

*/s/ Christine P. O'Hearn*
**CHRISTINE P. O'HEARN**
**United States District Judge**