Jack Meyerson, Esq. (No. 781990)
Matthew Miller, Esq. (043462010)
MEYERSON & MILLER
1600 Market Street, Suite 1305
Philadelphia, PA 19103
(215) 972-1376
jmeyerson@meyersonlawfirm.com
mmiller@meyersonlawfirm.com

| | | |
|---|---|---|
| RICHARD WELLS, and JOSEPH D. MARCHAND, CHAPTER 7 TRUSTEE FOR PEOPLE'S TAVERN AND DRY GOODS, LLC, | : : : : : : | U.S. DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |
| Plaintiffs, | : : | |
| v. | : : | DOCKET NO.: 1:24-cv-111143 |
| DiNICOLA & DiNICOLA, LLC, JOSEPH M. DiNICOLA, JR., ESQ., and JOSEPH M. DiNICOLA, ESQ., | : : : : : | CIVIL ACTION NEGLIGENCE, BREACH OF CONTRACT, AND FAILURE TO SUPERVISE |
| Defendants. | : : : | JURY TRIAL DEMANDED |

## SECOND AMENDED COMPLAINT

Plaintiffs Richard Wells ("Mr. Wells") and Joseph D. Marchand, Chapter 7 Trustee for People's Tavern and Dry Goods, LLC ("People's Tavern"), complaining of the Defendants Joseph M. DiNicola, Jr., Esq. ("Attorney DiNicola Jr."), Joseph M. DiNicola, Esq. ("Attorney DiNicola, Sr."), and the law firm of DiNicola & DiNicola, LLC ("DiNicola & DiNicola") hereby aver as follows:

## NATURE OF ACTION

1. This is a legal malpractice case arising from Attorney DiNicola Jr.'s representation of the Plaintiffs, in a lawsuit (the "Underlying Case") filed against Richard Wells and co-defendants People's Tavern & Dry Goods, LLC d/b/a PT Bar & Package Goods and

1

Robert Doble on behalf of Diva and Jessica Bryant arising from a purported injury, which Bryant attributed to the negligence of Mr. Wells and the other defendants in their operation of People's Tavern.

2. Despite having been retained and paid to represent Plaintiffs in the defense of the Underlying Case, Attorney DiNicola Jr. and the law firm of DiNicola & DiNicola failed to represent and defend Plaintiffs, thereby enabling the Bryant plaintiffs to obtain a default judgment against Mr. Wells and People's Tavern in the amount of $609,498.20 in the Superior Court of New Jersey, Gloucester County.

3. Plaintiffs Mr. Wells and People's Tavern have both filed for bankruptcy as a result of this default judgment.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction pursuant to 28 U.S.C §1332 in that the dispute is between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendants as Defendants regularly conduct business in New Jersey.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) as this is the judicial district in which a substantial part of the events giving rise to these claims occurred.

## PARTIES

7. Plaintiff Richard Wells ("Wells") is an adult citizen of the State of North Carolina residing at 2901 Dexterity Court, High Point, NC 27265.

8. Plaintiff Joseph D. Marchand is the Trustee of People's Tavern & Dry Goods, LLC, a Chapter 7 Debtor in the United States Bankruptcy Court for the District of New Jersey (Case No. 24-21029-JNP), having been duly appointed on November 6, 2024. People's Tavern is a limited liability company which is wholly owned by Richard Wells and formerly operated a tavern located at 1 South Pennsville-Auburn Road, Carney's Point, NJ 08069.

9. Defendant DiNicola & DiNicola, LLC ("the DiNicola Law Firm") is a law firm with its principal address located at 381 Golfwood Avenue, Penns Grove, NJ 08069. The sole member of the DiNicola Law Firm is Defendant Joseph M. DiNicola, Esq., a resident of Florida. Defendant DiNicola Law Firm is accordingly a resident of Florida for purposes of diversity jurisdiction.

10. Defendant Joseph M. DiNicola, Jr., Esq. ("Attorney DiNicola Jr.") is an attorney licensed to practice in the State of New Jersey who maintains an office located at 381 Golfwood Avenue, Penns Grove, NJ 08069. Upon information and belief, Attorney DiNicola Jr. is a citizen of New Jersey.

11. Defendant Joseph M. DiNicola, Esq. ("Attorney DiNicola Sr.") is an attorney licensed to practice in the State of New Jersey who maintains an office located at 381 Golfwood Avenue, Penns Grove, NJ 08069. Upon information and belief, Attorney DiNicola Sr. is a citizen of Florida. Attorney DiNicola Sr. is the sole owner and member of Defendant Entity the DiNicola Law Firm.

## OPERATIVE FACTS

12. As early as 2015, Plaintiff Richard Wells was the owner and manager of People's Tavern & Dry Goods, LLC, a New Jersey limited liability corporation, which owned the real property and operated a bar and packaged goods store at 1 South Pennsville Auburn Road,

Carney's Point, New Jersey. People's Tavern held an alcoholic beverage retail license issued by the State of New Jersey.

13. In 2018, Mr. Wells relocated to North Carolina. Since he would not be able to continue running the business after he moved, Mr. Wells decided to sell People's Tavern.

14. In 2018, Plaintiffs retained Defendants for the purpose of selling People's Tavern. *See* Exhibit A, Legal Services Agreement.

15. In or around 2020 Mr. Wells reached a preliminary agreement to sell People's Tavern to Robert Doble. Because Mr. Wells had moved to North Carolina, the parties agreed that Mr. Doble would manage and operate the business while the terms of the sale were being finalized.

16. The sale of People's Tavern required the transfer of a liquor license from Mr. Wells to Mr. Doble.

17. As advised by Defendant DiNicola Jr., Mr. Wells preliminarily transferred the liquor license to Mr. Doble subject to the condition that ownership of the liquor license would revert back to Mr. Wells if the sale fell through.

18. The sale to Mr. Doble was not completed because Mr. Doble could not obtain sufficient financing to pay the purchase price.

19. Defendants advised Plaintiff and acted as his attorneys throughout the entirety of the negotiation and attempted sale to Mr. Doble.

20. After the sale to Mr. Doble fell through, ownership of the liquor license was supposed to revert back to Mr. Wells. However, under New Jersey law, the transfer of a liquor license requires the filing of a document known as a 12 Page Application. Defendants failed to

file the 12 Page Application, so unbeknownst to Mr. Wells, the liquor license remained in the possession of Mr. Doble.

21. Also unbeknownst to Mr. Wells, Mr. Doble owed over $100,000 in unpaid sales taxes to the State of New Jersey.

22. In or around May 2024, the State held an auction of Mr. Doble's assets to recoup the unpaid taxes. The liquor licensed that should have belonged to Mr. Wells was auctioned and sold for $88,000, an amount that is less than the estimated fair-market value of the license.

23. People's Tavern had not yet been sold when, on February 3, 2021, Diva and Jessica Bryant ("the Bryants") initiated the Underlying Case seeking damages for personal injury against Mr. Wells, People's Tavern, and Robert Doble.

24. The injury for which the Bryants sought compensation occurred while Mr. Wells was living in North Carolina and Robert Doble was managing and operating the business.

25. Defendants DiNicola Jr. and the DiNicola Law Firm agreed to represent Plaintiff in the Underlying Case but did not provide him with a new fee agreement.

26. Defendant DiNicola Jr. communicated to Mr. Wells about the Underlying Case to give the impression that he was actively litigating the matter.

27. Defendant DiNicola Jr. even presented Mr. Wells with phony emails and falsified documents that he claimed were drafted by Jeffrey Scott Craig, Esq., the attorney representing Diva and Jessica Bryant.

28. As Mr. Wells learned later, Defendant DiNicola Jr. never responded to the complaint in the Underlying Case, nor did he even enter an appearance.

29. Due to Defendant DiNicola Jr.'s failure to enter his appearance and answer the complaint, the Court entered a default against Mr. Wells and People's Tavern on November 2, 2021.

30. On March 11, 2022, the default became a final judgment in the amount of $609,498.20. *See* Exhibit B, Final Judgment.

31. Mr. Wells did not know a judgment had been entered against him and People's Tavern until August 2024 when he received a notice informing him that the Bryants had applied to sell Mr. Wells' personal assets and home to satisfy the judgment.

32. After learning that his home might be sold to satisfy the judgment, Mr. Wells notified Defendant DiNicola Jr. who promised to resolve the issue by opening the judgment. Mr. Wells also retained a bankruptcy attorney to initiate Chapter 13 proceedings and protect his assets from collection.

33. Defendant DiNicola Jr. thereafter misled Mr. Wells by falsely representing that he was working to open the default judgment.

34. On September 20, 2024, Defendant DiNicola Jr. forwarded to Mr. Wells an email dated September 19, 2024, purporting to be from Attorney Craig, stating that the Bryants would agree to open the default judgment.

35. The September 19, 2024 email said that Attorney Craig was agreeing to vacate the judgment due to his respect for DiNicola Jr. as a colleague. *See* Exhibit C, September 19, 2024 Email.

36. In truth, Defendant DiNicola Jr. did not even attempt to open the default judgment, and the September 19, 2024 email purporting to be from Attorney Craig was actually drafted by DiNicola Jr. himself.

37. On September 26, 2024, Mr. Wells forwarded the September 19, 2024 email to his bankruptcy attorney so that he would be aware that the default judgment had been opened.

38. Mr. Wells also forwarded the September 19, 2024 message to Attorney Craig who explained that the email was fraudulent and was not drafted by him. *See* <u>Exhibit D</u>, September 26, 2024 Email.

39. The debt created by the judgment caused Mr. Wells to file a Chapter 13 Petition on September 27, 2024.

40. The debt created by the judgment caused People's Tavern to file a Chapter 7 Petition on November 6, 2024.

41. After learning that he had been lied to, Mr. Wells contacted Defendant DiNicola Jr. to confront him about the phony email and the fact that the $609,498.20 default judgment had not actually been opened.

42. On October 1, 2024, DiNicola Jr. sent a text message to Mr. Wells admitting that the default judgment was his fault and promising to admit liability to his malpractice insurance carrier so that Mr. Wells and People's Tavern could be compensated for the damages they sustained as a result of Defendants' failure to represent them. *See* <u>Exhibit E</u>, October 1, 2024 Text.

43. Mr. Wells was not contacted by Defendants' insurance carrier prior to filing this lawsuit and does not believe that DiNicola Jr. ever submitted the claim.

44. The Bryants have sought satisfaction of the Default Judgment through Mr. Wells' pending bankruptcy and through the bankruptcy filed on behalf of People's Tavern in New Jersey.

45. At all times material hereto, Defendant DiNicola Sr. was the owner and managing member of Defendant DiNicola Law Firm.

46. As the owner and managing member of the DiNicola Law Firm, DiNicola Sr. undertook a duty to supervise the employees of the Law Firm, including DiNicola Jr.

47. DiNicola Sr. did not involve himself with Plaintiff's case in any manner whatsoever, nor did he supervise or monitor the activity of his employee, DiNicola Jr.

48. Prior to the events detailed in this Complaint, DiNicola Sr. was aware of DiNicola Jr.'s propensity to act dishonestly and recklessly in his practice of law.

49. DiNicola Sr. knew that DiNicola Jr.'s willingness to engage in dishonest and reckless behavior created a risk of harm to the Law Firm's clients.

50. As a result of DiNicola Jr.'s failure to enter an appearance and answer the complaint in the Underlying Case, a final judgment was entered against Plaintiffs in the amount of $609,498.20, which amount has continued to accrue interest.

51. As a result of DiNicola Jr.'s failure to file the 12 Page Application, ownership of the liquor license did not revert to Mr. Wells when the sale fell through. In or around May 2024 the liquor license was auctioned and sold for $88,000.

52. The falsified documents and communications drafted by DiNicola Jr. and sent to Mr. Wells indicate that he acted with malice and a wanton disregard for Plaintiffs' rights and interests.

**COUNT ONE – NEGLIGENCE (LEGAL MALPRACTICE)**
*Plaintiffs v. Defendants DiNicola Jr. and DiNicola Law Firm*

52. Plaintiffs incorporate by reference the averments set forth in Paragraphs 1 through 51 as though the same were fully set forth herein.

53. Plaintiffs retained Defendants DiNicola Jr. and the DiNicola Law Firm to represent them in the sale of People's Tavern and to defend them in the lawsuit brought by the Bryants.

54. Defendants owed a duty to Plaintiffs to represent them with the knowledge and skill that is expected of an attorney licensed to practice law in the state of New Jersey.

55. Defendants breached the standard of care by (1) failing to file the 12 Page Application as was required for Mr. Wells to retain ownership of the liquor license, (2) failing to enter an appearance or file an Answer in the Underlying Case, (3) failing to vacate the default entered against Plaintiffs in the Underlying Case, (4) failing to open the default judgment in the Underlying Case, and (5) repeatedly lying to Mr. Wells about their efforts to represent him in the Underlying Case.

56. As a result of the aforementioned acts of negligence, Defendants caused damages to Mr. Wells that include, but are not necessarily limited to, (1) entry of the $609,498.20 judgment; (2) loss of the liquor license; (3) loss of the value of the liquor license when it was sold at auction; (4) putting Mr. Wells personal assets and property, including his home, at risk of collection; and (5) causing Mr. Wells and People's Tavern to file for bankruptcy as a result of the judgment.

57. Defendant DiNicola Jr.'s repeated misrepresentations to Plaintiff indicate that he acted wantonly, maliciously, and with a reckless disregard for the rights and interests of Plaintiffs.

WHEREFORE, Plaintiffs demand judgment in his favor and against Defendants along with an award of compensatory damages, costs of suit, punitive damages, and any other relief that this Court deems just and proper.

## COUNT TWO – NEGLIGENT SUPERVISION
*Plaintiffs v. Defendant DiNicola Sr. and the DiNicola Law Firm*

58. Plaintiffs incorporate by reference the averments set forth in Paragraphs 1 through 57 as though the same were fully set forth herein.

59. Defendant DiNicola Sr. is the owner and managing partner of Defendant Law Firm.

60. As the owner and managing partner of Defendant Law Firm, Defendant DiNicola Sr. was tasked with hiring and supervising the employees of the firm.

61. At all times material hereto, Defendant DiNicola Sr. was aware that his son, Defendant DiNicola Jr., had a propensity to act dishonestly and with a reckless or intentional disregard for the rights of others.

62. Defendant DiNicola Sr. owed a duty to the Law Firm's clients to supervise Defendant DiNicola Jr. to protect against acts of negligence, recklessness, and intentional misconduct.

63. Defendant DiNicola Sr. breached the duty owed to Plaintiffs by failing to supervise or monitor Defendant DiNicola Jr. in his practice of law.

64. As a result of Defendant DiNicola Sr.'s failure to supervise, Defendant DiNicola Jr.'s many negligent and wrongful acts were permitted to occur and were not discovered in a timely manner.

65. Had Defendant DiNicola Sr. adhered to his duty to supervise Defendant DiNicola Jr., the damages sustained by Plaintiffs would have been mitigated or avoided entirely.

WHEREFORE, Plaintiffs demand judgment in his favor and against Defendants along with an award of compensatory damages, costs of suit, punitive damages, and any other relief that this Court deems just and proper.

## COUNT THREE – BREACH OF FIDUCIARY DUTY
*Plaintiffs v. All Defendants*

66. Plaintiffs incorporate by reference the averments set forth in Paragraphs 1 through 65 as though the same were fully set forth herein.

67. By agreeing to represent Plaintiffs in the sale of People's Tavern and the Underlying Case, Defendants assumed fiduciary obligations owed to Plaintiffs.

68. Defendants owed Plaintiffs a duty of loyalty and a duty to act in Plaintiffs' best interests.

69. At all times material hereto, Defendant DiNicola Jr. acted in his capacity as an employee and agent of Defendant Law Firm.

70. Defendant DiNicola Jr. breached the fiduciary duties owed to Plaintiff by (1) failing to file the 12 Page Application to protect Plaintiffs' interest in the liquor license, (2) letting the Underlying Case proceed to a default judgment in the amount of $609,498.20, and (3) repeatedly and explicitly lying about his efforts in the Underlying Case.

71. As a result of the aforementioned breaches of fiduciary duty, Defendants caused damages to Plaintiffs that include, but are not necessarily limited to, (1) entry of the $609,498.20 judgment; (2) loss of the liquor license; (3) loss of the value of the liquor license when it was sold at auction; (4) putting Mr. Wells personal assets and property, including his home, at risk of collection; and (5) causing Mr. Wells and People's Tavern to file for bankruptcy as a result of the judgment.

WHEREFORE, Plaintiffs demand judgment in his favor and against Defendants along with an award of compensatory damages, costs of suit, punitive damages, and any other relief that this Court deems just and proper.

## COUNT FOUR – BREACH OF CONTRACT

*Plaintiffs v. Defendants*

71. Plaintiffs incorporate by reference the averments set forth in Paragraphs 1 through 70 as though the same were fully set forth herein.

72. Plaintiffs and Defendants entered into a contract whereby Defendants agreed to represent Plaintiffs in the sale of People's Tavern and the defense of the Underlying Case.

73. Defendants breached their agreement with Plaintiffs by failing to protect their interest in the liquor license and by failing to enter an appearance or defend the Underlying Case.

74. As a result of Defendants' breach of contract, Defendants caused damages to Mr. Wells that include, but are not necessarily limited to, (1) entry of the $609,498.20 judgment; (2) loss of the liquor license; (3) loss of the value of the liquor license when it was sold at auction; (4) putting Mr. Wells personal assets and property, including his home, at risk of collection; and (5) causing Mr. Wells and People's Tavern to file for bankruptcy as a result of the judgment..

WHEREFORE, Plaintiffs demand judgment in his favor and against Defendants along with an award of compensatory damages, costs of suit, punitive damages, and any other relief that this Court deems just and proper.

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that Jack Meyerson, Esq., and Matthew Miller, Esq., are hereby designated as trial counsel for Plaintiffs.

## JURY TRIAL DEMANDED

PLEASE TAKE NOTICE that Plaintiffs demand a jury trial on all claims and issues so triable.

        Respectfully submitted,

        /s/ Jack Meyerson
        Jack Meyerson, Esq.
        Matthew Miller, Esq.
        MEYERSON & MILLER
        1605 Market Street, Ste. 1305
        Philadelphia, PA 19103